IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHRISTOPHER L. SIMMONS,

Plaintiff,

v. Civil Acton No.: 1:25-cv-580 (LMB/IDD)

K. BOWLES, et al.,

Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR MISCELLANEOUS RELIEF**
**(Motion for Clarification of Plaintiff's Claims Against the Defendants and Motion for Relief from Scheduling Order Pending Dispositive Motions)**

**COMES NOW,** Defendants Patricia Lampman, HSA, and Diana Raines, LPN (hereinafter collectively "Defendants"), and respectfully move this Honorable Court for clarification of Plaintiff's claims and relief from scheduling pending dipositive motions. In support of this Motion for Relief, Defendants submit as follows:

1. Plaintiff filed a Complaint against various Virginia Department of Corrections ("VDOC") employees, to include P. Lampman and D. Raines, on April 3, 2025. Doc. 1. Plaintiff alleged that his constitutional rights have been violated because the Warden and four healthcare workers at Sussex I State Prison ("SISP") have been deliberately indifferent to his serious medical needs. *Id.*

2. Specifically with regard to Defendants Lampman and Raines, Plaintiff alleges that in 2015 prior to his incarceration in the VDOC, plaintiff was diagnosed with regional pain syndrome, and a stimulator devise was implanted in his shoulder. Doc. 1, p. 4 – 5. Plaintiff alleges that when he was transferred to SISP in 2021, personnel at SISP took the device's controller away and kept

it in medical where it could be adjusted only once a day and not as needed. *Id*. at 9 – 11. Plaintiff alleges that at some point this device stopped working and on January 19, 2024, VCU pain management directed that he be evaluated, and the device be examined to determine if it was working properly. *Id*. at 12 – 14. Plaintiff alleges that despite Defendant Lampman advising that an appointment was scheduled, as of April 24, 2024, he had not been seen. Id, at 14. Thereafter, Plaintiff was seen by a doctor at SISP on April 28, 2024, and Defendant Raines advised him that an offsite appointment would be scheduled in the future. Id. at 15. Despite multiple assurances by Defendants, the Plaintiff alleges that his stimulator device has not worked properly for approximately a year and he has not been seen in person at VCU Pain Management. *Id*. at 20 – 21.

3. The Court conducted its screening pursuant to 28 U.S.C. §1915A, and by Order dated March 26, 2026, dismissed the claims against Defendants Bowles, Marinos, and McDaniels in their individual and official capacities but permitted the claims against Defendants Lampman and Raines in their individual capacities to proceed. Doc. 24.[1] The Court held that in pertinent part:

> [b]ecause the Complaint identifies a serious medical need – plaintiff's shoulder injury and attendant complex regional pain syndrome – and sufficiently alleges that Administrator Lampman and Nurse Raines have knowingly disregarded that need and the substantial risk it poses, plaintiff's claim for deliberate indifference to his serious medical needs against defendants lampman and Raines in their individual capacities may proceed.

Doc. 24, at 4.

4. Thereafter, the Court served these Defendants through the Office of the Attorney General in accordance with the April 30, 2020 Agreement on Acceptance of Service . A Waiver of Service was filed on behalf of Defendants Lampman and Raines on April 24, 2026. Doc. 30. On May 26, 2026, Defendants Lampman and Raines filed an Answer to Plaintiff's Complaint.

---

[1] In its Order, the Court also dismissed the official capacity claims against these Defendants.

5. Since the Court entered its Order pursuant to 28 U.S.C. § 1915A, the Plaintiff has filed 11 additional submissions with the Court titled "Updates" that address a multitude of new allegations against the Defendants as well as other named and unnamed individuals. *See* Doc. 25, 27, 31, 32, 34, 35, 36, 40, 41, 43. While Plaintiff's original Complaint was isolated to his nerve stimulator and treatment at VCU Pain Management, these subsequent submission range in allegations and in claims. *Id.*

6. It is unclear to the Defendants whether Plaintiff's additional submissions are intended to serve as amendments to Plaintiff's original Complaint. Summaries of these submissions are as follows:

| **Date** | **Docket Number** | **Allegations and Claims** |
|---|---|---|
| 4/13/26 | Doc. 25 | • Plaintiff alleges that he was sent to VCU on 4.20.25 for a stroke alert and spent 3 days there and after he was released, he was never sent back for neurology follow up.<br>• Plaintiff alleges that he has been denied follow up appointments for a facial lingual nerve injury and resulting surgery in 2024.<br>• Plaintiff alleges that a pill pass nurse failed to give him his prescribed medication for his serious medical conditions. |
| 4/21/26 | Doc. 27 | • Plaintiff alleges he is not being scheduled for sick call despite his requests to be seen. |
| 4/27/26 | Doc. 31 | • Plaintiff alleges that on 4.23.26, he lost control of his bladder and was denied treatment. |
| 5/4/26 | Doc. 32 | • Plaintiff alleges that he is having issues with his bladder and his catheter and is not being seen for it.<br>• Plaintiff alleges that he his not being given his medication for chronic migraines. |
| 5/5/26 | Doc. 34 | • Plaintiff alleges that his bladder issues remain untreated.<br>• Plaintiff alleges that a medical doctor at the facility would not renew his prescription for gabapentin. |

| | | |
|---|---|---|
| 5/6/26 | Doc. 35 | • Plaintiff was diagnosed with an UTI on 4/29/26 and prescribed antibiotics and as of 5/3/26 he had not received his medication causing continued pain. |
| 5/21/26 | Doc. 36 | • Plaintiff alleges he is not being given necessary treatment for his bladder issues. |
| 6/3/26 | Doc. 40 | • Plaintiff alleges that on 5/27/26 nursing staff inserted his catheter incorrectly causing damage.<br>• Plaintiff alleges that he has been denied showering privileges. |
| 7/1/26 | Doc. 41 | • Plaintiff alleges that medical staff are refusing to send him to VCU for urology follow up. |
| 7/8/26 | Doc. 43 | • Plaintiff alleges that he was involved in an accident during his transport to VCU for follow up causing (1) head injury, (2) his catheter to dislodge; and (3) his spinal stimulator to stop working and has been denied medical care. |
| 7/10/26 | Doc. 44 | • Plaintiff alleges that he has submitted multiple requests to be seen by pain management and medical is refusing to send him out. |

7. Without a clear understanding of what claims and allegations the Plaintiff is pursuing in this matter against these Defendants, the Defendants cannot adequately prepare a defense or craft arguments for a dispositive motion. To provide the necessary notice to the Defendants of the claims against them, Plaintiff should be required to clearly state, with specificity, each claim that he intends to assert against each Defendant; and clearly set forth all factual allegations upon which each asserted claim is based in a single document that is clearly intended to be the operative Complaint in this case.

**RELIEF REQUESTED**

1. Defendants seek clarity from the Court on what allegations are considered part and parcel of the Plaintiff’s Complaint so that they may have adequate notice of Plaintiff’s claims.

2. Alternatively, Defendants respectfully request that the Court direct the Plaintiff to file

an Amended Complaint containing the totality of the allegations and claims he intends to pursue and which, for purposes of this litigation, would be considered the operative Complaint.

3. Defendants also request relief from the Pretrial Scheduling Order issued on July 14, 2026; specifically, that the deadlines contained therein be stayed so that they may have the opportunity to respond to the aforementioned Amended Complaint once filed and/or file a Motion for Summary Judgment regarding Plaintiff's claims.

4. The undersigned submits that this motion is made in good faith, is not interposed for the purpose of delay, will work no prejudice to the Plaintiff, and is in the best interests of justice and judicial economy.

Respectfully submitted,

**PATRICIA LAMPMAN, HSA**
**DIANNA RAINES, LPN**

/s/

Elizabeth M. Muldowney (VSB No. 46387)
Laura Maughan (VSB No. 87798)
Sands Anderson PC
919 East Main Street, Suite 2300
PO Box 1998
Richmond, VA 23218
(804) 783-7284
(804) 783-7291 fax
emuldowney@sandsanderson.com
lauramaughan@sandsanderson.com
*Counsel for Defendants Lampman and Raines*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to all CM/ECF users.

I further certify that I will mail the document by U.S. mail to the following non-filing user:

Christopher L. Simmons, #1127732
VDOC Centralized Mail Dist. Cntr.
3521 Woods Way
State Farm, VA 23160
*Pro Se Plaintiff*

/s/
Elizabeth M. Muldowney (VSB No. 46387)
Sands Anderson PC